**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION**

**JOHN HOUTSMA,**

**Petitioner,**

**v.** **Case No. 1:26cv113-TKW/MAF**

**STATE OF FLORIDA, et al.,**

**Respondents.**
**____________________________/**

# REPORT AND RECOMMENDATION

On April 16, 2026, John Houtsma, a detainee at the Florida Civil Commitment Center, mailed to the Eleventh Circuit Court of Appeals a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 2. By order on April 27, 2026, the Eleventh Circuit transferred the matter to this Court. ECF No. 1.

Because Petitioner Houtsma had not paid the required $5.00 filing fee or submitted a motion to proceed in forma pauperis (IFP), this Court, by Order on May 14, 2026, directed him to do so on or before June 15, 2026. ECF No. 4. The Court also directed Houtsma to submit his petition on the proper form, following the directions in the Order. *Id*. Houtsma requested an extension of time, ECF No. 5, which this Court granted by Order on June 30, 2026, ECF No. 6, allowing him until July 28, 2026, to (1) pay the $5.00

filing fee or submit an IFP motion and (2) file an amended petition, as previously directed. Petitioner subsequently requested another extension of time, ECF No. 7, which this Court granted by Order on July 14, 2026, ECF No. 8, allowing him until August 27, 2026, to (1) pay the $5.00 filing fee or submit an IFP motion and (2) file an amended petition, as previously directed. As before, *see* ECF No. 6, this Court reminded Houtsma that the filing fee for a habeas petition is $5.00 and all litigants must choose how to spend their money when contemplating litigation. ECF No. 8; *see* Beck v. Symington, 972 F. Supp. 532, 535 (D. Ariz. 1997) (noting that inmate finding it "more worthwhile" to use funds to purchase canteen snacks than to file suit "has demonstrated an implied evaluation of the suit that the district court is entitled to honor" (*quoting* Lumbert v. Ill. Dep't of Corr., 827 F.2d 257, 260 (7th Cir. 1987)).

Petitioner Houtsma has submitted another IFP motion, ECF No. 10, and an amended § 2254 petition, ECF No. 9. From the information included with the IFP motion, Petitioner Houtsma should be able to pay the $5.00 filing fee. In particular, his current account balance is $35.00, the average monthly balance for the preceding six months is $69.18, and the average monthly deposit for that same time period is $20.83. ECF No. 10 at 4.

Further, in the amended § 2254 petition, Houtsma indicates he challenges a conviction and sentence from Levy County in case number 38-2000-MH-000001, following his entry of a guilty plea. ECF No. 9 at 1-2. For the question on the § 2254 form asking whether he had "previously filed a § 2254 petition or other pleading regarding the validity of [his] state conviction or sentence in any federal court," Houtsma did not provide a response. *Id*. at 7.

A review of this Court's case management system reveals that Petitioner Houtsma has previously filed several federal habeas petitions in this Court challenging this conviction and sentence. *See, e.g.*, Houtsma v. Sec'y, Dep't of Children & Families, 1:25cv112-MCR/HTC; Houtsma v. State of Florida, 1:19cv098-AW/GRJ; Houtsma v. State of Florida, 4:19cv131-RH/CAS; Houtsma v. FCCC, et al., 4:19cv132-RH/CAS; Houtsma v. State of Florida, 1:19cv328-AW/GRJ. Most recently, in 1:25cv112-MCR/HTC, this Court granted Respondent's motion to dismiss and dismissed Houtsma's § 2254 petition with prejudice as untimely and procedurally defaulted. *See* ECF Nos. 23 (Report and Recommendation) and 33 (Order adopting Report and Recommendation) in Houtsma v. Sec'y, Dep't of Children & Families, 1:25cv112-MCR/HTC. The Report and Recommendation concluded the

petition was untimely to the extent it challenged his original 2000 commitment (Ground 1) and, further, Houtsma failed to exhaust all four grounds raised. *See* ECF No. 23 in 1:25cv112-MCR/HTC. In that case, Houtsma challenged the same conviction he challenges here as well as his continued civil commitment as a sexually violent predator. *Compare* ECF No. 9 at 1-2, 9-15, 19, *with* ECF No. 23 in 1:25cv112-MCR/HTC.

Petitioner Houtsma has not shown a jurisdictional basis for this habeas action. "The Antiterrorisim and Effective Death Penalty Act gives state prisoners only one opportunity to challenge their sentence in federal court." Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1328 (11th Cir. 2017) (en banc).

The dismissal of Houtsma's prior § 2254 petition "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under [28 U.S.C.] § 2244(b)." Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005). *See, e.g.*, Patterson, 849 F.3d at 1325-26 (11th Cir. 2017) ("When his first federal petition was dismissed as untimely, Patterson lost his one chance to obtain federal review of his 1998 judgment. Because Patterson's 2011 petition challenges the 1998 judgment a second time, the district court

correctly dismissed it as second or successive." (citation omitted)); McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009) (citing Murray and holding dismissal as untimely constitutes merits disposition and renders later petition successive); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (explaining prior untimely petition "counts" to render subsequent petition successive: "[A] statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims."). Thus, the instant petition is "second or successive" for purposes of section 2244(b)(3)(A).

This Court cannot consider a second or successive § 2254 petition unless the Eleventh Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); Burton v. Stewart, 549 U.S. 147 (2007) (holding that federal district court lacked jurisdiction to entertain § 2254 petition because state inmate did not obtain order from Court of Appeals authorizing him to file second petition); *see also* Rule 9, Rules Gov. § 2254 Cases ("Before presenting a second or successive petition, the petitioner must

obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).”). *See also* 28 U.S.C. § 2244(b)(2)(B); Tompkins v. Sec’y, Dep’t of Corr., 557 F.3d 1257, 1260 (11th Cir. 2009). “Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it.” Tompkins, 557 F.3d at 1259.

Nothing indicates Houtsma has obtained such an order from the Eleventh Circuit. (Perhaps that is why he mailed this petition to the Eleventh Circuit in the first instance, *see* ECF Nos. 1, 2.) Therefore, this case should be dismissed for lack of jurisdiction.

## Conclusion

Based on the foregoing, it is respectfully **RECOMMENDED** that Petitioner Houtsma’s amended § 2254 petition, ECF No. 9, be **DISMISSED for lack of jurisdiction as it is an unauthorized successive petition**. Any pending motions should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that “[t]he district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the amended § 2254 petition (ECF No. 9) be **DISMISSED for lack of jurisdiction as it is an unauthorized successive petition.** It is further **RECOMMENDED** that any pending motions be denied, a certificate of appealability be **DENIED,** and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 27, 2026.

**S/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**